J-S07039-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER WALTON BLAKE | : | |
| | : | |
| Appellant | : | No. 854 WDA 2020 |

Appeal from the PCRA Order Entered July 24, 2020
In the Court of Common Pleas of Mercer County
Criminal Division at No(s):  CP-43-CR-0001506-2013

BEFORE:  SHOGAN, J., DUBOW, J., and KING, J.

MEMORANDUM BY KING, J.:                    **FILED: JUNE 15, 2021**

Appellant, Christopher Walton Blake, appeals from the order entered in the Mercer County Court of Common Pleas, denying her[1] second petition brought pursuant to the Post Conviction Relief Act ("PCRA").[2]  We vacate and remand for further proceedings.

The relevant facts and procedural history of this case are as follows:

> On September 17, 2014, a jury found Appellant guilty of two (2) counts of each of the following: Rape of a Child, Involuntary Deviate Sexual Intercourse with a Child, Aggravated Indecent Assault of a Child, Unlawful Contact with a Minor—Sexual Offenses, Unlawful Contact with a Minor—Obscene with Other Explicit Sexual Materials,

---

[1] Appellant submitted a letter dated December 29, 2019, to the trial court indicating that Appellant now identifies as transgender.  Appellant's preferred gender pronouns are "her, she, mam, Ms."  (Letter, dated 12/29/19, at 1 unpaginated).

[2] 42 Pa.C.S.A. §§ 9541-9546.

Corruption of a Minor, and Indecent Assault. These charges stem from Appellant committing numerous sexual acts on two minor children who were under her care at the time. Appellant penetrated the child victim's genitals and anuses with her penis, Appellant performed oral sex on the children, Appellant forced the children to perform oral sex on her, and Appellant forced the children to watch sexually explicit material.

Appellant committed these sexual acts numerous times from June 2008 to October 2009. The two children were approximately five (5) and six (6) years old during this period. Appellant was sentenced on January 22, 2015 to a total of sixty-seven (67) to one hundred and thirty-four (134) years of incarceration.[1]

[1] The sentences for all offenses were within the standard guidelines[. The court ran consecutively the two sentences each of rape of a child, IDSI, and aggravated indecent assault of a child. The sentences for the remaining offenses] ran concurrently to the other sentences imposed.

Subsequently, Appellant timely appealed her sentence to the Superior Court of Pennsylvania through her trial counsel Charles Gilchrest. Appellant raised five (5) issues in her Statement of Errors Complained of on Appeal. The five (5) issues were: 1) the trial court erred in denying Appellant's Motion for Rule 600—to dismiss all charges, 2) the trial court erred in allowing the Commonwealth to offer into evidence Appellant's conviction for theft, 3) the trial court erred in allowing the Commonwealth to amend the Information on the eve of Appellant's trial, 4) the trial court erred in allowing Kimberly Duffy to testify as an expert witness, and 5) the trial court abused its discretion in imposing a manifestly excessive aggregate sentence.

Appellant retained Jack Cline ("Attorney Cline") to represent her through the appeals process. Attorney Cline failed to address the Rule 600 issue, the amendment to the Information issue, and the expert witness issue in his argument to the Superior Court of Pennsylvania. Accordingly, the Superior Court of Pennsylvania found those issues waived. On [November 4, 2015], the Superior Court

of Pennsylvania affirmed Appellant's sentence[, and our Supreme Court denied allowance of appeal on March 23, 2016. *See Commonwealth v. Blake*, 134 A.3d 479 (Pa.Super. 2015) (unpublished memorandum), *appeal denied*, 635 Pa. 747, 135 A.3d 582 (2016)].

On April 6, 2017, Appellant [timely] filed her initial PCRA Petition challenging the effectiveness of Attorney Cline for failing to pursue the above-noted issues of Appellant's appeal. Melissa Merchant-Calvert ("Attorney Calvert") was appointed to represent Appellant in her initial PCRA Petition. After a conference, the issues were reduced to whether Attorney Cline was ineffective for failing to pursue the issues relative to Rule 600, the Commonwealth's amendment of the Information, whether Appellant should have been classified as a sexually violent predator, and merger of the offenses for sentencing purposes.

Both the Commonwealth and Appellant submitted briefs to the [PCRA] court. On April 10, 2019, the [c]ourt denied Appellant's initial PCRA Petition. Appellant sent Attorney Calvert a letter dated May 20, 2019 requesting Attorney Calvert to file a notice of appeal on Appellant's behalf. … [Attorney Calvert responded to Appellant's letter on June 6, 2019, explaining that Appellant's request was untimely and, even if it was not, Appellant failed to provide a basis for an appeal.] Attorney Calvert never filed a notice of appeal on behalf of Appellant. Appellant then filed a second PCRA Petition on June 27, 2019 alleging ineffective assistance of counsel due to Attorney Calvert's failure to file a notice of appeal to the Superior Court following the [c]ourt's denial of Appellant's initial PCRA Petition.

This [c]ourt appointed Attorney Dustin Cole ("Attorney Cole") to serve as Appellant's counsel. Attorney Cole understood Appellant's Second Petition to raise a single issue for PCRA review: (1) Attorney Calvert was ineffective in failing to file a notice of appeal to the Superior Court following the [c]ourt's denial of Appellant's initial PCRA Petition. On January 27, 2020, Attorney Cole filed a Motion to Withdraw as Counsel along with a *Turner/[Finley]* no

merit letter.[3]   Attorney Cole's Motion to Withdraw as Counsel was granted by Order dated January 30, 2020 and filed on February 4, 2020.

On February 24, 2020, Appellant filed a Notice of Appeal to appeal the Order entered in this matter on the "30th day of January, 2020 by the Honorable Robert G. Yeatts, denying Post-Conviction Relief in the above-captioned matter." However, this [c]ourt did not enter an Order denying Appellant's Second Post-Conviction Relief Petition on January 30, 2020.  Instead, this [c]ourt entered an Order granting Appellant's [c]ourt-appointed counsel Dustin Cole's Motion to Withdraw as Counsel dated January 30, 2020 and filed on February 4, 2020.

\*   \*   \*

…[On June 8, 2020], the Superior Court of Pennsylvania issued an Order quashing [Appellant]'s appeal for being premature because no final order had been issued by the [PCRA] court.  Because this [c]ourt was now allowed to proceed, this [c]ourt filed the PCRA Opinion and Notice of Intent to Dismiss on June 29, 2020.

On July 20, 2020, Appellant filed a response to this [c]ourt's Notice of Intent to Dismiss.  After review of Appellant's response, on July 24, 2020, this [c]ourt denied Appellant's Request for Rescission of the Notice of Intent to Dismiss, denied Appellant's Request for Appointment of a New Appellate Post-Conviction Collateral Relief Counsel, and ultimately dismissed Appellant's second PCRA Petition filed on June 27, 2019.

On August 10, 2020, Appellant [timely] filed a Notice of Appeal regarding this [c]ourt's July 24, 2020 Order, and on September 1, 2020, Appellant filed a Statement of Matters Complained of on Appeal.

(PCRA Court Opinion, filed December 4, 2020, at 2-6) (internal citations

---

[3] **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (en banc).

omitted).

Appellant raises the following issues on appeal:

> Whether the PCRA Court erred in denying Appellant's second PCRA Petition by finding PCRA counsel was not ineffective, without first holding an evidentiary hearing to determine whether counsel had a duty to consult with Appellant about an appeal, and if so, whether counsel adequately consulted [with] Appellant relative to appealing the denial of the first PCRA Petition pursuant to [**Roe v.**] **Flores-Ortega**[, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000)]?
>
> Whether the PCRA Court erred in finding PCRA counsel not ineffective since Appellant did not articulate a basis for appeal in the May 20, 2019 letter Appellant sent to counsel?

(Appellant's Brief at 4).

Preliminarily, the timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Hackett**, 598 Pa. 350, 359, 956 A.2d 978, 983 (2008), *cert. denied*, 556 U.S. 1285, 129 S.Ct. 2772, 174 L.Ed.2d 277 (2009). Even where the parties or the PCRA court do not address the applicability of the PCRA timing mandate, "this Court will consider the issue *sua sponte*, as it is a threshold question implicating our subject matter jurisdiction." **Commonwealth v. Reid**, ___ Pa. ___, 235 A.3d 1124, 1140 n.8 (2020). A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege, and the petitioner must prove:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A petitioner asserting a timeliness exception must file a petition within one year of when the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).[4]

The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate she did not know the facts upon which she based her petition and could not have learned those facts earlier by the exercise of

_____

[4] As of December 24, 2018, Section 9545(b)(2) now allows any PCRA petition invoking a timeliness exception to be filed within **one year** of the date the claim first could have been presented. *See* Act 2018, Oct. 24, P.L. 894, No. 146, § 2, effective in 60 days [Dec. 24, 2018]. This amendment applies to claims arising on or after December 24, 2017. Appellant filed the current PCRA petition in 2019, so the amendment applies to her.

due diligence. ***Commonwealth v. Bennett***, 593 Pa. 382, 395, 930 A.2d 1264, 1271 (2007). A common allegation of ineffective assistance of counsel, even if cast in the language of a statutory exception, does not generally establish jurisdiction over an otherwise untimely PCRA petition. ***Commonwealth v. Gamboa-Taylor***, 562 Pa. 70, 80, 753 A.2d 780, 785 (2000). In rare instances, however, the law will allow a petitioner to proceed with a second, albeit untimely, PCRA petition, where a petitioner timely asserts the "newly-discovered facts" exception under 42 Pa.C.S.A. § 9545(b)(1)(ii), claiming abandonment of counsel on a prior appeal. ***See Bennett, supra*** at 399-400, 930 A.2d at 1274. Specifically, PCRA counsel's ineffectiveness may constitute a newly-discovered fact "where PCRA counsel's ineffectiveness *per se* completely forecloses review of collateral claims." ***Commonwealth v. Peterson***, 648 Pa. 313, 325, 192 A.3d 1123, 1130 (2018). ***See also Bennett, supra*** at 398-99, 930 A.2d at 1273-74 (holding that where appellant "made sufficient allegations that counsel abandoned him for purposes of his first PCRA appeal by failing to file an appellate brief[, the appellant's] relief under subsection (b)(1)(ii) is not controlled by the ***Gamboa-Taylor*** line of case law"; distinguishing ***Gamboa-Taylor*** line of cases where PCRA counsel merely "narrowed the ambit of appellate review," with cases where counsel has failed to file appeal and completely foreclosed appellate review; clarifying that "subsection (b)(1)(ii) is a limited extension of the one-year time requirements under circumstances when a petitioner has

not had the review to which he was entitled due to a circumstance that was beyond his control").

Instantly, the court sentenced Appellant on January 22, 2015. On November 4, 2015, this Court affirmed the judgment of sentence, and our Supreme Court denied allowance of appeal on March 23, 2016. Consequently, Appellant's judgment of sentence became final on June 21, 2016, upon expiration of the 90-day period to file a petition for writ of *certiorari* with the United States Supreme Court. **See** U.S.Sup.Ct.R. 13. Appellant filed the current second PCRA petition on June 27, 2019, over three years after her judgment of sentence became final; thus, the petition is facially untimely.

Nevertheless, Appellant's current PCRA petition asserts the newly-discovered facts exception to the PCRA timeliness requirement. Specifically, Appellant alleges that Attorney Calvert provided ineffective assistance by failing to file a requested appeal from the denial of Appellant's first PCRA petition. Although Appellant sent Attorney Calvert a letter expressly requesting that counsel file an appeal after the 30-day appeal period had already passed, Appellant also alleges that "even before the PCRA [c]ourt issued [its] April 10th, 2019 Order denying PCRA relief, [Appellant]…verbally requested PCRA counsel to appeal [her] PCRA petition in the event the PCRA [c]ourt denied relief." (Memorandum in Support of Appellant's 2nd PCRA Petition, dated 6/27/19, at 3). Attorney Calvert responded to Appellant's letter on June 6, 2019, explaining that Appellant's request was untimely and,

- 8 -

even if it was not, Appellant failed to provide a basis for an appeal. Appellant then filed the current PCRA petition on June 27, 2019, alleging Attorney Calvert's ineffectiveness shortly after learning of counsel's alleged abandonment.

Here, Appellant's allegations bring her claim within the narrow ambit of cases involving attorney abandonment pursuant to *Bennett* and its progeny to satisfy the time-bar exception. *See Peterson, supra*; *Bennett, supra*. Nevertheless, whether Appellant can succeed on the merits of her claim (namely, whether Appellant verbally requested counsel to file an appeal on her behalf or whether counsel had a duty to consult with Appellant about filing an appeal) are questions that require further fact-finding by the PCRA court. Accordingly, we vacate and remand for the PCRA court to conduct an evidentiary hearing. *See, e.g., Commonwealth v. Carter*, 21 A.3d 680 (Pa.Super. 2011) (explaining PCRA court must make factual findings regarding whether counsel adequately consulted with defendant regarding advantages and disadvantages of filing appeal; of necessity, such factual findings must be based on testimony from counsel at evidentiary hearing; remanding for evidentiary hearing where record on appeal was insufficient to permit appellate review of appellant's claim that counsel failed to adequately consult with him about filing appeal).

Order vacated; case remanded for further proceedings. Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  06/15/2021